FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 20 2011 ★
BROOKLYN OFFICE
ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAMEL MARSALIS,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
SALVATORE AQUINO, tax # 948625, POLICE
OFFICER MOHAMMED RAZA, tax # 949530,

                      Defendants.

------------------------------------------------------------------- x

**COMPLAINT**

**CV 11-2447**

Jury Trial Demanded

TOWNES, J.

POLLAK, M.J.

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers of Patrol Borough Brooklyn South alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him and using unreasonable force on him on April 6, 2011. Plaintiff was released from custody on April 7, 2011, at approximately 3:30 a.m., when the Kings County District Attorney's Office declined prosecution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.     With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 day of the incident at issue, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6.     Plaintiff is a resident of Brooklyn.

7.     The City of New York is a municipal corporation organized under the laws of the State of New York.

8.     Police Officers Salvatore Aquino and Mohammed Raza are New York City Police Officers employed in Patrol Borough Brooklyn South. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On April 6, 2011, at approximately 3:00 p.m., plaintiff was walking to the subway when Police Officers Salvatore Aquino and Mohammed Raza seized him at the corner of East 21st Street and Regent Place in the Flatbush section of Brooklyn.

10. At all relevant times, plaintiff had not committed a crime or violation and had not acted in a suspicious manner.

11. While arresting plaintiff, defendants slammed plaintiff onto the ground and handcuffed him excessively tight causing pain and bruising.

12. Defendants refused to loosen the cuffs.

13. Other police officers arrived on the scene and took plaintiff to the 70th Precinct.

14. While plaintiff was held in a cell in the precinct, defendants misrepresented in police reports that they had observed plaintiff commit a crime.

15. An ambulance arrived at the precinct to treat plaintiff's injuries but defendants told plaintiff to not go to the hospital because he would be held in custody much longer.

16. Later, unidentified officers took plaintiff to Brooklyn Central Booking where he was illegally strip searched during the admission process.

17. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, filthy and infested with pests. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

18. While plaintiff was in Central Booking, Officer Aquino misrepresented to the Kings County District Attorney's Office that he had observed plaintiff commit a crime.

19. Officer Mohammed knew that Aquino was commencing a bogus prosecution against plaintiff, but he failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

20. Defendants' purposes in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to obtain credit for an arrest.

21. Plaintiff was released from custody on April 7, 2011, at approximately 3:30 a.m., when the Kings County District Attorney's Office declined prosecution.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for a significant period of time and suffered emotional distress, fear, anxiety, humiliation and pain and bruising.

## FIRST CLAIM

## (FALSE ARREST)

23. Plaintiff repeats the foregoing allegations.

24. At all relevant times, plaintiff had not committed a crime or violation, he was not wanted for a crime or violation and he had not acted in a suspicious manner.

25. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

26. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

27. Plaintiff repeats the foregoing allegations.

28. Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force on him, as described herein, was objectively unreasonable and caused plaintiff pain and injury.

29. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

30. Plaintiff repeats the foregoing allegations.

31. The strip search of plaintiff while he was being admitted into Brooklyn Central Booking was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for causing plaintiff to be illegally strip searched.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

33. Plaintiff repeats the foregoing allegations.

34. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

35. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

36. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

37. Several members of the NYPD have been convicted of crimes for engaging in corruption and for making false allegations.

38. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

39. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while he was under indictment for corruption.

40. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

41. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

42. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

43. Plaintiff repeats the foregoing allegations.

44. At all relevant times, plaintiff had not committed a crime or violation, he was not wanted for a crime or violation and he had not acted in a suspicious manner.

45. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

46. Accordingly, defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

47. Plaintiff repeats the foregoing allegations.

48. Defendants' use of force upon and searches of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

49. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

50. Plaintiff repeats the foregoing allegations.

51. Defendants' use of force upon and searches of plaintiff were offensive and nonconsensual physical contacts which injured him.

52. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

53. Plaintiff repeats the foregoing allegations.

54. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted and battered plaintiff.

55. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: May 19, 2011

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391