UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMEL MARSALIS,

                      Plaintiffs,

      -against-

THE CITY OF NEW YORK, ET AL.,

                     Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, SALVATORE AQUINO AND MOHAMMED RAZA**

11 CV 2447 (SLT) (CLP)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------ x

        Defendants The City of New York, Salvatore Aquino and Mohammed Raza by their attorney, Michael A. Cardozo, Corporation Counsel of The City of New York, as and for their answer to the complaint, dated May 19, 2011 respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff has commenced an action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about April 19, 2011, that more than thirty days have elapsed since filing and that plaintiff's claim has not been settled.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except state that the allegations that defendants were "acting under color of state law and in their capacities as New York City Police Officers" are legal conclusions that do not require a response, and admit that plaintiff purports to proceed as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was arrested on April 6, 2011 by Officers Aquino and Raza on the corner of East 21st Street and Regent Place.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11 of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that an ambulance arrived at the precinct to treat plaintiff's injuries.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was taken to a central booking facility in Brooklyn.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint..

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "31" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

34. State that the allegations set forth in paragraph "34" of the complaint are legal conclusions to which no response is required.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint

40. Deny the allegations set forth in paragraph "40" of the complaint, except refer the Court and plaintiff to *Colon v. City of New* York, 2009 WL 4263362 (E.D.N.Y. November 25, 2009) for a recitation of its contents.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein..

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat the responses set forth in the previous paragraphs, as if fully set forth herein..

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

56. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

57. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

58. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

59. Plaintiff provoked or was at fault for the incident.

## FIFTH AFFIRMATIVE DEFENSE

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## SIXTH AFFIRMATIVE DEFENSE

61. There was probable cause to arrest plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

62. Punitive damages cannot be assessed as against the City or against the individual defendants in their official capacities.

## EIGHTH AFFIRMATIVE DEFENSE

63. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

## NINTH AFFIRMATIVE DEFENSE

64. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

65. Plaintiff failed to mitigate his alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE:

66. Defendants Aquino and Raza have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE:

67. At all times relevant to the acts alleged in the complaint, defendants Aquino and Raza acted reasonably in the proper and lawful exercise of their discretion.

## THIRTEENTH AFFIRMATIVE DEFENSE:

68. Plaintiff's state law claims are barred by the New York State doctrine of governmental immunity for discretionary policy-making and/or judgmental functions and decisions.

**WHEREFORE,** defendants The City of New York, Salvatore Aquino, and Mohammed Raza demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 10, 2011

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorney for Defendants City, Aquino and Raza
>100 Church Street
>New York, New York 10007
>(212) 788-0899
>
>By:            /s/
>    Elissa B. Jacobs
>    Special Assistant Corporation Counsel
>    Special Federal Litigation Division

To: Richard Cardinale, Esq. <u>BY ECF</u>

Index No. 11 CV 2447 (SLT)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMEL MARSALIS,

                                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, ET AL.,

                                  Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY, AQUINO AND RAZA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for CITY, AQUINO, and RAZA*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elissa B. Jacobs*
*Tel: (212) 788-0899*
*NYCLIS No. 2011-012651*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................., 2011......*

*............................................................................. Esq.*

*Attorney for...................................................................*